JACK S. SHOLKOFF, CA Bar No. 145097
jack.sholkoff@ogletreedeakins.com
PATRICIA M. JENG, CA Bar No. 272262
patricia.jeng@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045

Attorneys for Petitioner
CARMAX AUTO SUPERSTORES
CALIFORNIA, LLC A VIRGINIA LIMITED
LIABILITY COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMAX AUTO SUPERSTORES CALIFORNIA, LLC A VIRGINIA LIMITED LIABILITY COMPANY,<br><br>Petitioner,<br><br>v.<br><br>ROSELLA MICHELLE HERNANDEZ,<br><br>Respondent. | Case No. 2:14-cv-08743-MMM (JEMx)<br><br>**PETITIONER CARMAX'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS PETITION TO COMPEL ARBITRATION**<br><br>Hearing:<br>Date: March 16, 2015<br>Time: 10:00 a.m.<br>Courtroom: 780<br>255 East Temple St.<br>Los Angeles, CA 90012<br><br>Complaint Filed: September 25, 2014<br>Trial Date: None Set<br>District Judge: Hon. Margaret M. Morrow<br>Magistrate Judge: John E. McDermott |

Case No. 2:14-cv-08743-MMM (JEMx)
PETITIONER'S OPPOSITION TO RESPONDENT'S
MOTION TO DISMISS PETITION TO COMPEL ARBITRATION

20037105_4.docx

I.  **INTRODUCTION**

This Court possesses diversity jurisdiction over this action.

There are two prongs to establishing diversity jurisdiction: diversity of citizenship and an amount in controversy of at least $75,000. *See* 28 U.S.C. § 1322(a)(1). Both prongs exist in the instant action.

First, the instant action, a petition to compel arbitration pursuant to the Federal Arbitration Act [9 U.S.C. §§ 1 *et seq.*], involves parties with complete diversity. There ***are only two parties*** before this Court: Respondent Rosella Michelle Hernandez ("Respondent") and Petitioner CarMax Auto Superstores California, LLC ("CarMax"). *See Petition to Compel Arbitration,* [Docket No. 1], ¶¶ 1-2. CarMax is a citizen of Virginia. Respondent is a citizen of California. *Id.* Thus, the action involves parties of separate states. *See* 28 U.S.C. § 1322(a)(1); *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68, n.3 (1996) (stating that complete diversity among the parties is required for diversity jurisdiction).

In determining whether there is complete diversity, CarMax and Respondent are the only relevant parties. "The citizenship of someone not before the court is irrelevant to the jurisdictional inquiry." *Circuit City v. Najd,* 294 F.3d 1104, 1106 (9th Cir. 2002) (in petition to compel arbitration, federal court ignores the citizenship of individual defendant named in underlying state court action). Thus, this Court cannot, as Respondent urges, consider the California citizenship of a party that *Respondent* named in her pending state court action against CarMax.[1]

Second, Respondent does not challenge CarMax's amount in controversy allegations. She does not allege that there is less than $75,000 in controversy.

With complete diversity among the parties to this action, and with more than $75,000 in controversy, this Court possesses diversity jurisdiction to hear CarMax's Petition to Compel Arbitration pursuant to 28 U.S.C. §§ 1322(a)(1). Respondent's

---

[1] *Hernandez v. CarMax Auto Superstores California, LLC*, civil action no. 20-2014-00474499-CU-WT-CJC

1  Case No. 2:14-cv-08743-MMM (JEMx)

1  Motion to Dismiss should be denied.[2]

## II. FACTUAL BACKGROUND

### A. CarMax Seeks To Compel Respondent To Arbitrate Her Dispute With CarMax.

1. On or around August 2, 2014, Respondent sent CarMax a Right-to-Sue letter from the California Department of Fair Employment and Housing ("DFEH"). (Declaration of Amy Vaughan ("Vaughan Decl."), ¶ 2.) Thereafter, between August 8, 2014 and October 28, 2014, CarMax and Respondent, by and through their counsel, met and conferred regarding the parties' signed Dispute Resolution Agreement ("DRA") and applicable Dispute Resolution Rules and Procedures ("DRRP"). CarMax pointed out that Respondent and CarMax had signed the DRA which required Respondent and CarMax to submit claims arising out of Respondent's employment with CarMax to binding arbitration. (Declaration of Christopher Decker ("Decker Decl."), ¶¶ 2-3; Vaughan Decl., ¶ 3, Ex. B.) CarMax also indicated that a variety of state and federal courts in California had already found the DRA and associated DRRPs enforceable (Decker Decl., ¶¶ 2-3.)

2. On or about September 25, 2014, Respondent, ignoring the prior authorities, filed a complaint, entitled *Rosella Michelle Hernandez v. CarMax Auto Superstores, LLC, et al.*, Case No. 20-2014-00747499-CU-WT-CJC in the Superior Court of the State of California, County of Orange ("State Court Action"). (*Id.*, ¶ 3; *see also* Docket No. 1, Ex. D.). On October 28, 2014, Respondent again refused to agree to arbitration. (Decker Decl, ¶ 3).

3. On November 12, 2014, CarMax, pursuant to section 4 of the FAA, which provides that parties who are aggrieved by a failure, neglect or refusal to arbitrate by another party may petition any district court for an order compelling

---

[2] Respondent's Motion fails comply with Local Rule 7-3. The Court may dismiss Respondent's motion on this basis alone.

arbitration, filed the instant Petition to Compel Arbitration. (*See* Docket No. 1).[3]

### B. Respondent Files Her Motion To Dismiss Without Meeting and Conferring as Required by Local Rule 7-3.

4. On December 3, 2014, without having ever met and conferred with CarMax's counsel, Respondent filed the instant Notice of Motion and Motion to Dismiss. (Declaration of Jack S. Sholkoff ("Sholkoff Decl."), ¶ 4; *see also* Docket No. 8.) It was *CarMax's* counsel, after receiving notice of the Motion to Dismiss, who attempted to meet and confer with Respondent's counsel "in an effort to avoid unnecessary motion practice." (Sholkoff Decl., ¶ 5, **Ex. A**.) That same day, CarMax's counsel wrote to Respondent's counsel, requesting that Respondent withdraw her motion, and, stating that, at a minimum, Local Rule 7-3 requires the parties to meet and confer about motions before they are filed. (*Id.*, Ex. A)

5. On December 4, 2014, CarMax's counsel met and conferred with Respondent's counsel regarding CarMax's pending Motion to Compel Arbitration. (*Id.*) During that conversation, CarMax's counsel raised the issue of Respondent's Motion to Dismiss and the problems with it. (*Id.*) Respondent refused to withdraw this motion. (*Id.*)

## III. THE COURT SHOULD DENY RESPONDENT'S MOTION TO DISMISS BECAUSE THIS COURT HAS DIVERSITY JURISDICTION OVER THE INSTANT ACTION.

### A. CarMax's Petition Presents A Controversy Between Citizens Of Different States.

In *Circuit City Stores, Inc. v. Najd*, 294 F. 3d 1104, 1105 (9th Cir. 2002), the Court squarely held that the only parties relevant for determining diversity jurisdiction are the actual parties in the action before the Court. The Court specifically rejected the position posited in the case at bar by Respondent, namely

---

[3] The State Court Action remains stayed pending the results of this Court's ruling on CarMax's Motion to Compel Arbitration. *See* Request for Judicial Notice, Exhibit E.

1  that the Court should consider the citizenship of the parties in an underlying state
2  court action when determining whether diversity jurisdiction exists in an action
3  brought pursuant to section 4 of the FAA. Simply put, if the parties before the Court
4  in this action are citizens of different states, then the parties are diverse for purposes
5  of diversity jurisdiction. *See* 28 U.S.C. § 1322(a)(1); *Najd, supra,* at 1106.

There is no dispute that CarMax, a citizen of Virginia, and Respondent, a citizen of California, are diverse parties. Nonetheless, ignoring the Ninth Circuit's ruling in *Najd*, Respondent urges the Court to consider the citizenship of Alan Hannah, an individual defendant in the State Court Action who is not a party to the instant action (Motion, page 2, lines 20-22). In *Najd*, the respondent employee, like Respondent herein, sued his employer and his supervisor in state court, alleging, as Respondent did in the State Court Action here, various tort and Fair Employment and Housing ("FEHA") claims. The employer in *Najd* filed, as CarMax has here, a petition in federal district court under the FAA seeking to compel arbitration and stay the state court action. *Id.* Like Respondent, the employee in *Najd* contended, *inter alia*, that the federal court lacked diversity jurisdiction because the underlying state court action also named a California resident. The district court disagreed and granted the petition. *Id.* In affirming, the Ninth Circuit stated:

> Circuit City and Najd, ***the only parties in this action***, are diverse. However, Najd argues that we must consider the citizenship of Khorsand, who is a defendant in the state court action. If Khorsand's citizenship is considered, complete diversity is lacking because Najd and Khorsand are both California residents. (citations ommitted) However, ***the citizenship of someone not before the court is irrelevant to the jurisdictional inquiry.*** (citations committed) The district court properly exercised diversity jurisdiction over Circuit City's petition."

*Id.* (emphasis added); *see also Doctor's Assoc., Inc. v. Distajo*, 66 F.3d 438, 444-46 (2d Cir. 1995), cert. denied, 517 U.S. 1120 (1996) (district court was correct to consider only the citizenship of the parties to the petition to compel arbitration to determine whether there was complete diversity); *Prudential-Bache Secs., Inc. v.*

20037105_4.docx

4     Case No. 2:14-cv-08743-MMM (JEMx)
PETITIONER'S OPPOSITION TO RESPONDENT'S
MOTION TO DISMISS PETITION TO COMPEL ARBITRATION

*Fitch*, 966 F.2d 981, 988 (5th Cir. 1992) ("[J]urisdiction for a petition to compel arbitration [must] be determined from the face of the petition ...."); *Snap-On Tools Corp. v. Mason*, 18 F.3d 1261, 1266-67 (5th Cir. 1994) (individual defendants in state court action are not indispensable parties to a petition to compel arbitration).

These authorities demonstrate that because a Petition to Compel Arbitration seeks to compel parties into arbitration, it is *the parties who will be subject to the Court's order compelling arbitration* who are relevant parties for determining whether diversity jurisdiction exists. In this action, CarMax seeks to compel Respondent—and Respondent alone—into arbitration. There are no other parties to the action. Respondent is a citizen of California. CarMax is a citizen of Virginia. Accordingly, there is complete diversity between the parties for purposes of determining federal court jurisdiction.

Despite the clarity of *Najd*, Respondent asserts that the Court must consider the citizenship of Hannah merely because CarMax referred to Respondent's prayer for damages – $5,000,000—in the State Court Action to support its good faith allegation that the instant action involves an amount in controversy in excess of $75,000 and Hannah is a party to the State Court Action. Respondent cites no authority for this assertion. And she ignores *Najd*. In *Najd,* both the employer's brief *and* the Ninth Circuit's decision reveal that the *Najd* Court was well aware of the existence of an individual, non-diverse defendant in the underlying state court action. See *Circuit City Stores, Inc., a Virginia corporation, Respondent-Appellee, v. Monir NAJD, Petitioner-Appellant*, 2000 WL 34004801, *40 (9th Cir.); *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1106 (9th Cir. 2002). CarMax's mere reference to the State Court Action and its prayer for damages *against CarMax* of $5,000,000 does not somehow convert Hannah into a party to the instant action.

In fact, CarMax had to, at a minimum, at least refer to the State Court Action as part of its allegations contained in the instant Petition. To bring a petition to compel arbitration pursuant to section 4 of the FAA, CarMax was required to allege

20037105_4.docx

5     Case No. 2:14-cv-08743-MMM (JEMx)
PETITIONER'S OPPOSITION TO RESPONDENT'S
MOTION TO DISMISS PETITION TO COMPEL ARBITRATION

that an arbitrable controversy exists between the parties.[4] The only basis upon which CarMax, like the employer in *Najd,* knew that an arbitrable controversy existed was because Respondent had filed the State Court Action. Put another way, absent Respondent's filing the State Court Action, CarMax would have had no reason to file the instant Petition to Compel Arbitration. This is precisely why *Najd* and *Distajo* found that merely referring to the State Court Action in moving papers does not as a matter of law, make the underlying defendant in the State Court Action a *party* to the federal action. *Najd,* 294 F. 3d at 1105. CarMax, after all, is not seeking to compel Mr. Hannah into arbitration. Because the only parties in the instant action who will be subject to an order compelling arbitration have diverse citizenship, CarMax has unequivocally met the first requirement for demonstrating diversity jurisdiction.

### B. The Petition Alleges An Amount In Controversy In Excess Of $75,000.

The second prong of diversity jurisdiction requires the petitioner to allege, in good faith, the existence of a controversy in excess of $75,000. The burden is not a high one. Where, as here, the plaintiff – or the petitioner in a section 4 proceeding – files in federal court, "the amount in controversy is determined from the face of the pleadings" so long as the claim is made in good faith. *Geographic Expeditions, Inc. v. Estate of Lhotka,* 599 F.3d 1102, 1106 (9th Cir. 2010). To defeat jurisdiction, the party seeking to dismiss the action, must prove to a *legal certainty* that the amount in controversy does not exist. *Id.* See also *Crum v. Circus Circus Enterprises,* 231 F.3d 1129, 1129 (9th Cir. 2000) (reversing district court's dismissal of action because amount claimed in the plaintiff's complaint controls so long as claim is made in good faith, and claim did not appear to be less than the jurisdictional amount

---

[4] Section 4 of the FAA provides, in relevant part that "A party aggrieved by the alleged ... refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action ... of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement."

1 to a legal certainty).

2  In alleging $75,000 in controversy, CarMax referenced that Respondent
3 alleged, in the State Court Action, damages of $5,000,000 as *against CarMax*, as one
4 reason for its good faith belief that the amount in controversy was over $75,000.
5 (See Docket No. 1.) CarMax need not rely on the State Court Action, however,
6 because with CarMax having alleged more than $75,000 in controversy, the burden
7 switches and falls squarely upon Respondent to show *with legal certainty* that the
8 amount in controversy is less than $75,000 based upon the face of the Petition.
9 Plaintiff, of course, does not dispute that there is more than $75,000 in controversy.

10  In sum, this Court possesses diversity jurisdiction over CarMax's petition to
11 compel arbitration.

12 **IV. RESPONDENT'S NON-COMPLIANCE WITH LOCAL RULE 7-3 IS**
13  **GROUNDS ALONE FOR DENIAL OF MOTION**

14  The Central District Local Rule 7-3 mandates that, with respect to filing a
15 motions such as this instant one, "counsel contemplating the filing of any motion
16 shall *first contact opposing counsel it discuss thoroughly,* preferably in person, the
17 substance of the contemplated motion and any potential resolution. The conference
18 shall take place at least seven (7) days prior to the filing of the motion." Then, "[i]f
19 the parties are unable to reach a resolution which eliminates the necessity for a
20 hearing, counsel for the moving party shall include in the notice of motion a
21 statement to the following effect: 'This motion is made following the conference of
22 counsel pursuant to L.R. 7-3 which took place on (date).'" Local Rule 7-3.

23  Such a statement is not contained in Respondent's Notice of Motion, as
24 required, nor anywhere else in Respondent's moving papers. (Docket No. 8.)
25 Respondent did not, and could not, attest to her compliance with Local Rule 7-3
26 because she did not, at any point prior to filing her motion – let alone seven (7) days
27 before – attempt to meet and confer with CarMax regarding the Motion to Dismiss.
28 (Sholkoff Decl., ¶ 4.) Had Respondent done so, CarMax could, and would, have

20037105_4.docx

7 Case No. 2:14-cv-08743-MMM (JEMx)
PETITIONER'S OPPOSITION TO RESPONDENT'S
MOTION TO DISMISS PETITION TO COMPEL ARBITRATION

informed Respondent *prior* to filing her motion that the Ninth Circuit has already squarely rejected the argument upon which her motion is based. Her non-compliance is grounds alone for denial of her motion. *Singer v. Live Nation Worldwide, Inc.*, 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012) (denying motion for failing to comply with Local Rule 7-3, where defendant emailed and faxed letter a "mere three days" before the motion was filed and prior "'conversations about the merits of Plaintiff's claims' do not equate with discussions regarding a contemplated motion").

## V. CONCLUSION

This Court possesses diversity jurisdiction over CarMax's Petition to Compel Arbitration. Based on the foregoing reasons, this Court should deny Respondent's Motion to Dismiss.

DATED: February 23, 2015         OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ Jack S. Sholkoff
    Jack S. Sholkoff
    Patricia M. Jeng
Attorneys for Petitioner
CARMAX AUTO SUPERSTORES
CALIFORNIA, LLC A VIRGINIA LIMITED
LIABILITY COMPANY