Ramin R. Younessi, Esq. (SBN 175020)
ryounessi@younessilaw.com
Christina M. Coleman, Esq. (SBN 192578)
ccoleman@younessilaw.com
**LAW OFFICES OF RAMIN R. YOUNESSI**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorneys for Respondent
ROSELLA MICHELLE HERNANDEZ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, a Virginia limited liability company,<br><br>Petitioner,<br><br>v.<br><br>ROSELLA MICHELLE HERNANDEZ, an individual,<br><br>Respondent. | CASE NO.  2:14−cv−08743−MMM (JEMx)<br><br>*Assigned to the Hon. Margaret M. Morrow, Ctrm. 780*<br><br>*Assigned to Discovery Magistrate John E. McDermott*<br><br>**RESPONDENT ROSELLA MICHELLE HERNANDEZ'S OPPOSITION TO PETITIONER'S MOTION TO COMPEL BINDING ARBITRATION AND TO STAY THE STATE COURT PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROSELLA MICHELLE HERNANDEZ**<br><br>Date: March 30, 2015<br>Time: 10:00 a.m.<br>Ctrm: 780<br>255 East Temple St.<br>Los Angeles, CA 90012-3332<br><br>Petition Filed:     November 12, 2014 |

Respondent Rosella Michelle Hernandez hereby opposes the motion by Petitioner CarMax Auto Superstores California, LLC ("CarMax") to compel arbitration and to stay her State Court Action, and submits the following memorandum of points and authorities in support of her position.

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................1

II.  STATEMENT OF RELEVANT FACTS.......................................................................1

III.   LEGAL ANALYSIS......................................................................................................4

  A.  CarMax Has Failed To Establish The FAA Applies And That This Petition Is Appropriate ................4

  B.  The Arbitration Agreement Is Unconscionable and, Thus, Unenforceable ..........................................6

    1.  CarMax's Arguments Concerning The Provisions Of The 2011 Dispute Resolution Rules And Procedures Are Irrelevant................................................................................7

    2.  The Arbitration Agreement Is Procedurally Unconscionable To A High Degree..............................8

    3.  Arbitration Agreement Is Substantively Unconscionable................................................................11

      a)  The Agreement Provides For A Shortened Statute Of Limitations..........................................11

      b)  The Agreement Does Not Require A Reasoned Decision.......................................................12

      c)  The Agreement Does Not Require CarMax To Bear All Costs Unique To Arbitration.............12

      d)  The Agreement Requires Arbitration Proceedings Be Kept Confidential ................................13

      e)  The Agreement Is Substantively Unsconscionable In Several Additional Respects..................13

  C.  The Agreement Is Unenforceable Because The Unconscionable Language And Provisions Cannot And/Or Should Not Be Severed ................................................................14

IV.  CONCLUSION ............................................................................................................15

# TABLE OF AUTHORITIES

## California Cases

*Abers v. Rounsavell*
  (2010) 189 Cal.App.4th 348 ................................................................................ 14

*Abramson v. Juniper Networks, Inc.*
  (2004) 115 Cal.App.4th 638 ................................................................................ 15

*Ajamian v. CantorCO2e, L.P.*
  (2012) 203 Cal.App.4th 771 .................................................................................. 9

*Armendariz v. Foundation Health Psychcare Services, Inc*
  (2000) 24 Cal.4th 83 ...................................................................................... passim

*Carmona v. Lincoln Millennium Car Wash, Inc.*
  (2014) 226 Cal.App.4th 74 .................................................................................... 9

*Centenko v. United California Bank*
  (1982) 30 Cal.3d 528 ............................................................................................. 7

*Certain Underwriters at Lloyd's of London v. Superior Court*
  (2001) 24 Cal.4th 945 .......................................................................................... 15

*Ellis v. U.S. Security Associates*
  (2014) 224 Cal.App.4th 1213 .............................................................................. 11

*Fitz v. NCR Corp.*
  (2004) 118 Cal.App.4th 70 ............................................................................. 9, 15

*Francis Capital Management*
  (2014) 224 Cal.App.4th 676 ................................................................................ 10

*Gentry v. Superior Court*
  (2007) 42 Cal.4th 443 ........................................................................................ 7, 8

*Gutierrez v. Autowest, Inc.*
  (2003) 114 Cal.App.4th 77 .................................................................................. 10

*Harper v. Ultimo*
  (2003) 113 Cal.App.4th 1402 ................................................................................ 8

*Hoover v. American Income Life Ins. Co.*
  (2012) 206 Cal.App.4th 1193 ................................................................................ 5

*Kinney v. United HealthCare Services, Inc.*
  (1999) 70 Cal. App. 4th 1322 ........................................................................... 8, 14

*Kwok v. Transnation Title Ins. Co.*
  (2009) 170 Cal.App.4th 1562 .............................................................................. 15

*Martinez v. Master Protection Corp.*
  (2004) 118 Cal.App.4th 107 ................................................................................ 14

*McManus v. CIBC World Markets Corp.*
    (2003) 109 Cal.App.4th 76..................................................................................................8

*Mercuro v. Superior Court*
    (2002) 96 Cal.App.4th 167...........................................................................................8, 12

*Murphy v. Check'N Go of Cal., Inc.*
    (2007) 156 Cal.App.4th 138..............................................................................................7

*Nyulassy v. Lockheed Martin Corp.*
    (2004) 120 Cal.App.4th 1267..........................................................................................11

*Osumi v. Sutton*
    (2007) 151 Cal.App.4th 1355..........................................................................................13

*Pacific Bell Wireless, LLC v. Public Utilities Com.*
    (2006) 140 Cal.App.4th 718..............................................................................................4

*Peng v. First Republic Bank*
    (2013) 219 Cal.App.4th 1462..........................................................................................10

*Rosen v. State Farm General Ins. Co.*
    (2003) 30 Cal.4th 1070 ...................................................................................................15

*Samaniego v. Empire Today LLC*
    (2012) 205 Cal.App.4th 1138............................................................................................9

*Sanchez v. Carmax Auto Superstores Cal., LLC*
    (2014) 224 Cal.App.4th 398............................................................................................13

*Sparks v. Vista Del Mar Child and Family Services*
    (2012) 207 Cal.App.4th 1511............................................................................................9

*Spielholz v. Superior Court*
    (2001) 86 Cal.App.4th 1366..............................................................................................4

*Stirlen v. Supercuts, Inc.*
    (1997) 51 Cal.App.4th 1519..............................................................................................7

*Trivedi v. Curexo Technology Corp.*
    (2010) 189 Cal.App.4th 387..............................................................................................9

*Vons Companies, Inc. v. United States Fire Ins. Co.*
    (2000) 78 Cal.App.4th 52................................................................................................15

**Federal Cases**

*Allied-Bruce Terminix Companies, Inc. v. Dobson*
    (1995) 513 U.S. 265..........................................................................................................6

*Circuit City Stores, Inc. v. Adams*
    (9th Cir.2002) 279 F.3d 889..............................................................................................6

*Citizens Bank v. Alafabco, Inc.*
    (2003) 539 U.S. 52 ............................................................................................................5

*Cosmotek Mumessillik Ve Ticaret Ltd. Sirkketi v. Cosmotek USA, Inc.*
   (D.Conn.1996) 942 F.Supp. 757 ................................................................................................... 5

*Davis v. O'Melveny & Myers*
   (9th Cir. 2007) 485 F.2d 1066 ..................................................................................................... 13

*Grabowski v. Robinson*
   (S.D.Cal.2011) 817 F.Supp.2d 1159 .............................................................................................. 9

*Graham Oil Co. v. ARCO Products Co., a Div. of Atlantic Richfield Co.*
   (9th Cir.1994) 43 F.3d 1244 ........................................................................................................ 11

*Howard Fields & Associates v. Grand Wailea Co.*
   (D.Hawai'i 1993) 848 F.Supp. 890 ................................................................................................ 5

*Morton v. United Parcel Serv.*
   (9th Cir. 2001) 272 F.3d 1249 ..................................................................................................... 14

*Poublon v. Robinson Co*
   (C.D.Cal.,2015) 2015 WL 588515 ................................................................................ 9, 10, 11, 13

*Ting v. AT & T*
   (9th Cir. 2003) 319 F.3d 1126 ................................................................................................ 11, 13

*Varley v. Tarrytown Associates, Inc.*
   (C.A.2 1973) 477 F.2d 208 ............................................................................................................ 5

**Federal Statutes**

9 U.S.C. § 2 ........................................................................................................................................ 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

CarMax Auto Superstores California, LLC ("CarMax") seeks to enforce an arbitration agreement that is unconscionable by having this Court consider its 2011 Rules and Procedures, when those were not the rules and procedures in effect when Ms. Hernandez was forced to sign the arbitration agreement.  Unconscionability is determined at the time the contract is entered into, not at the time a party seeks to enforce arbitration.  Further, contrary to Petitioner's argument, the Federal Arbitration Act ("FAA") does not apply to Ms. Hernandez, who did not engage in interstate commerce at the time the arbitration agreement was entered into, or ever.

Petitioner's motion should be denied in its entirety.

## II.   STATEMENT OF RELEVANT FACTS

In June 2002, Respondent was offered a position with CarMax Auto Superstores California, LLC ("CarMax") as a warranty administrator at its dealership located at 355 S. Glasgow Avenue, Inglewood, CA  90301.  Prior to being offered the position, Respondent had not been required to complete CarMax's employment application, nor had she been required to agree to an arbitration agreement.  On June 27, 2002, after Respondent had already been hired by CarMax, she was told to complete an Employment Application as part of her new hire paperwork.  The document attached to CarMax's motion as Exhibit A, is a the employment application Respondent completed <u>after</u> she had already been offered, and had accepted, employment with CarMax.   [Hernandez Decl. ¶ 2.]

Nobody reviewed or discussed the Agreement or any of its provisions with Respondent, or told her that signing the Agreement was voluntary, that the terms were negotiable or that Respondent could refuse to agree to the Agreement, or that there was some opt-out procedure of the Agreement.  Respondent understood agreeing to the Agreement was mandatory, because the Employment Application said right on it that her application would only be considered if the Agreement was signed, and the Agreement itself stated that if she withdrew her consent to the Agreement, this would constitute withdrawal of her application for employment, and she

1 would not be considered for employment with CarMax. Respondent had already been offered the position at CarMax at this time, and would have been required to effectively "quit" the new job she had just secured if she refused to agree to the Agreement. [Hernandez Decl., ¶ 3.]

Nobody discussed with Respondent the advantages or disadvantages of agreeing to binding arbitration, or that by signing the Agreement, she was giving up my Constitutional right to a jury trial for any of her potential claims, much less any statutory rights or claims, nor was that fact explained or even told to her. Nobody told Respondent that the Agreement's one-year time period within which to initiate a claim for arbitration was less time than she would have to file a lawsuit to initiate certain of her claims in court. [Hernandez Decl., ¶ 4.]

The CarMax Dispute Resolution Rules and Procedures dated January 2001 attached as Exhibit B (the "2001 Rules") to CarMax's motion were not provide to Respondent at the time she completed her application, nor were they offered to her, nor were they provided to Respondent at any time before she was hired, nor did anybody even tell her where she could get the rules so she could see what they said. Nobody reviewed or discussed the 2001 Rules or any of its provisions with Respondent or told her that agreeing to the 2001 Rules was optional, or that any of the terms were negotiable. [Hernandez Decl., ¶ 5.]

While working for CarMax, Respondent did not engage in interstate commerce, nor did her work involve interstate commerce. When Respondent was hired as a warranty administrator, her job duties were to answer calls, schedule appoints, book tickets and minor filing. Respondent was transferred to the dealership at 6100 Auto Center Drive, Buena Park California 90621 (the "Dealership") in September 2003, doing the same duties. She did not engage in interstate commerce as a warranty administrator. Respondent was promoted to management assistant in September 2004. As a management assistant,, Respondent also did work exclusively in California, and supported employees working at the Dealership in Buena Park. Respondent's job duties were to conduct interviews, make files for new hires, working with employees making disability claims in California, and ordering supplies for the store. Respondent had no involvement with the transferring of vehicles from various CarMax locations, whether within or outside the State of California, nor was she involved with the

sales of any vehicles to customers inside or outside the State of California.  [Hernandez Decl., ¶ 6.]

The Agreement itself contains the following provision:  "I understand that I must file a claim for arbitration within one (1) year of the day on which I know or, through reasonable diligence, should have known of the facts giving rise to my claim."  [Doc 10-1, CarMax's Exh. A, at Page ID #117.]

The 2001 Rules contains the following provisions relevant to this opposition:

● "The CarMax Arbitration Request Form" shall be submitted not later than one year after the date on which the Associate knew, or through reasonable diligence should have known, of the facts giving rise to the Associate's claim(s).  The failure of an Associate to initiate an arbitration within the one-year time limit shall constitute a waiver with respect to that dispute relative to that Associate."  [Doc 10-1, CarMax's Exh. B, at Page ID #126, Rule 4.b.a.

● Beyond the initial disclosure of documents, discovery is limited to 20 interrogatories (including subparts), which may request production of documents (there is no separate provision for additional requests for production of documents), and three depositions.  Only upon a showing of "substantial need" may a party obtain additional discovery.  [Doc 10-1, CarMax's Exh. B, at Page ID #128, Rule 8.b.]

● The employee has the burden of proving a claim or claims by the preponderance of the evidence.  [Doc 10-1, CarMax's Exh. B., at Page ID #129, Rule 9.c.]

● A written reasoned award is not required; the arbitrator may, at the arbitrator's discretion, include findings of fact and conclusions of law.  [Doc 10-1, CarMax's Exh. B., at Page ID #131, Rule 12.]

● The employee is responsible for one-half the costs of arbitration, including expenses for renting a room, up to the higher of $500 or three percent (3%) of the employee's most recent annual compensation with CarMax.  [Doc 10-1, CarMax's Exh. B., at Page ID #131, Rule 13.a.1-a.2.]

● If CarMax prevails, the employee may be required to pay some or all of the costs and

fees associated with arbitration (including the administrative fees and room rental), <u>without limitation</u> unless the employee makes arrangements to pay the costs or fees within 90 calendar days after issuance of the decision making the employee liable for costs and, in that case, CarMax can deduct . If the employee does make arrangements to pay the costs or fees within 90 calendar days after issuance of the decision making the employee liable for costs, the employee maybe be required to pay up to the higher of $500 or three percent (3%) of the employee's most recent annual compensation with CarMax. [Doc 10-1, CarMax's Exh. B., at Page ID #131-132, Rule 13.a.3-a.4.]

●Arbitration proceedings are kept confidential. [Doc 10-1, CarMax's Exh. B., at Page ID #130, Rule 9.g.]

●After the arbitration hearing has been closed, the parties may not settle their case without approval of the arbitrator. [Doc 10-1, CarMax's Exh. B., at Page ID #132, Rule 15.]

●CarMax, not the employee, has the ability to alter or terminate the Agreement and the 2001 Rules on December 31st of any year upon giving 30 calendar days written notice. [Doc 10-1, CarMax's Exh. B., at Page ID #133, Rule 19.]

### III. LEGAL ANALYSIS

#### A. CarMax Has Failed To Establish The FAA Applies And That This Petition Is Appropriate

CarMax's analysis into the propriety of initiating this Petition to Compel Arbitration proceeding and the enforceability of its arbitration Agreement is premised on its argument that the Federal Arbitration Act ("FAA") governs the Agreement and the parties' relationship, but CarMax has not satisfied its burden of proving the FAA applies: "The party claiming federal preemption bears the burden of establishing it. [Citation.]" *Pacific Bell Wireless, LLC v. Public Utilities Com.* (2006) 140 Cal.App.4th 718, 730. Preemption occurs where a state law conflicts with a federal law or where a state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Spielholz v. Superior Court* (2001) 86 Cal.App.4th 1366, 1371.

By enacting the FAA, Congress did not express an intent to occupy the entire field of

Case 2:14-cv-08743-MMM-JEM Document 15 Filed 03/09/15 Page 10 of 20 Page ID #:285

1. arbitration agreements. In fact, *on its face,* the FAA is applicable <u>only</u> if the contract evidences a transaction involving a maritime transaction or interstate or foreign commerce. 9 U.S.C. § 2; *Varley v. Tarrytown Associates, Inc.* (C.A.2 1973) 477 F.2d 208, 209. Enforceability of arbitration agreement is determined pursuant to the FAA (1) *if* parties have entered into a written arbitration agreement, (2) there exists an independent basis for federal jurisdiction, *and* (3) the underlying transaction involves interstate commerce. *Cosmotek Mumessillik Ve Ticaret Ltd. Sirkketi v. Cosmotek USA, Inc.* (D.Conn.1996) 942 F.Supp. 757, 759. If the transaction between the parties does not implicate interstate commerce, the court applies the forum state's substantive laws. *Howard Fields & Associates v. Grand Wailea Co.* (D.Hawaii 1993) 848 F.Supp. 890, 893. It is insufficient for the employment relationship to merely touch upon interstate commerce; rather, for the FAA to apply, the relationship between the specific employee and employer must bear on interstate commerce "in a substantial way." *Hoover v. American Income Life Ins. Co. (*2012) 206 Cal.App.4th 1193, 1207 [FAA did not apply where "[t]here was no evidence in the record establishing that the relationship between Hoover and AIL had a specific effect or 'bear[ing] on interstate commerce in a substantial way"], quoting *Citizens Bank v. Alafabco, Inc.* (2003) 539 U.S. 52, 56–57.

The mere fact that CarMax is in the business of selling cars interstate does not mean that all of its employees, including Respondent, engaged in interstate commerce. Respondent was a management assistant performing administrative tasks at the Buena Park location in California, and her job duties had nothing to do with interstate commerce. [*See* Hernandez Decl. ¶ 6.] CarMax's motion fails to establish that Respondent's specific job and job duties bears upon interstate commerce in any substantial way as required. *Hoover*, 206 Cal.App.4th 1193, 1207 [insurance agent who sold insurance policies of an out-of-state insurer did not engage "interstate commerce" and FAA did not apply to purported agreement to arbitrate].

CarMax's legal authority, in a footnote, does not change this analysis, and none of those cases involved employment arbitration agreements where the employment contract itself was not one involving interstate commerce, and where the employees duties did not involve

-5-  Case No. 2:14−cv−08743−MMM (JEMx)
RESPONDENT'S OPPOSITION TO CARMAX'S MOTION TO COMPEL BINDING ARBITRATION

interstate commerce.[1]

Because CarMax has failed to meet its burden of establishing the FAA applies, CarMax's entire motion relying on FAA authority is inapposite to the instant dispute. If the FAA applies, CarMax's Petition to Compel Arbitration has no legal basis, nor does this Court have jurisdiction to entertain it.

### B. The Arbitration Agreement Is Unconscionable and, Thus, Unenforceable

Regardless of whether or not the FAA applies, the issue of whether the Agreement is unconscionable is determined according to California contract law. *Circuit City Stores, Inc. v. Adams* (9th Cir.2002) 279 F.3d 889, 892 ["although 'courts may not invalidate arbitration agreements under state laws applicable only to arbitration provisions,' general contract defenses such as fraud, duress, or unconscionability, grounded in state contract law, may operate to invalidate arbitration agreements," and because the employee was employed in California, "we look to California contract law to determine whether the agreement is valid"].

Our State and Federal constitutions guarantee us the right to a jury trial. Here, CarMax cannot force this waiver of Constitutional rights because the subject Agreement is wholly unconscionable. In *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, the Supreme Court held that, under general contract principles, any such agreement would not be enforced if it was unconscionable. *Id.*, 24 Cal.4th at 114. In addition, the Supreme Court found that where such agreement purported to include statutory claims, such as the FEHA, the agreement would have to satisfy five additional minimum requirements including: (1) ensuring that the employee does not bear any costs above that which he or she would have to pay in court; (2) providing for adequate discovery; (3) providing for all types of

---

[1] In *Allied-Bruce Terminix Companies, Inc. v. Dobson* (1995) 513 U.S. 265, the contract at issue that was found to be one "involving" interstate commerce did, in fact, involve interstate commerce: "In addition to the multistate nature of Terminix and Allied–Bruce, the termite-treating and house-repairing material used by Allied–Bruce in its (allegedly inadequate) efforts to carry out the terms of the Plan, came from outside Alabama." *Id.* at 282. In *Circuit City Stores, Inc. v. Adams* (2001) 532 U.S. 105, the employee was a salesperson, who actually sold the goods being moved across state lines. Ms. Hernandez did not sell cars, and had no involvement with the transferring of vehicles between dealerships.

relief that would otherwise be available in a non-arbitration forum; (4) requiring a written arbitration award and adequate judicial review; and (5) providing for a neutral arbitrator. *Id.* at 103-113.

As set forth above, an arbitration agreement, like any other contract, is unenforceable if it suffers from unconscionability. *Armendariz,* 24 Cal.4th 83.

Unconscionability is determined ***at the time the agreement is entered into, not*** when it is sought to be enforced. *Centenko v. United California Bank* (1982) 30 Cal.3d 528, 532; *Lanigan v. City of Los Angeles* (2011) 199 Cal.App.4th 1020, 1035 ["[t]he court determines unconscionability with reference to the time the contract is entered into, rather than in light of subsequent events"]; *Murphy v. Check'N Go of Cal., Inc.* (2007) 156 Cal.App.4th 138, 145.

Unconscionability requires a finding that a contract is both procedurally and substantively unconscionable. *Stirlen v. Supercuts, Inc.* (1997) 51 Cal.App.4th 1519, 1533. Both procedural and substantive unconscionability must be present, but not in the same degree; rather, a sliding scale is employed, and the greater the presence of one component of unconscionability, the less of the other there need be in order to determine that a contract is not enforceable. *Gentry v. Superior Court* (2007) 42 Cal.4th 443, 469.

Here, the arbitration Agreement is both.

### 1. CarMax's Arguments Concerning The Provisions Of The 2011 Dispute Resolution Rules And Procedures Are Irrelevant

As set forth above, the court determines unconscionability at the time the agreement is entered into, not at the time the agreement is sought to be enforced, pursuant to new rules that did not exist at the time the contract was formed. *Centenko,* 30 Cal.3d at 532; *Lanigan,* 199 Cal.App.4th at 1035; *Murphy,* 156 Cal.App.4th at 145.

CarMax's arguments that the Agreement at issue is not unconscionable are based on its analysis of the 2011 Dispute Resolution Rules And Procedures (the "2011 Rules"), which were not in existence at the time the Agreement was entered into. It irrelevant to an analysis of unconscionability whether the new, modified 2011 Rules, effective nine years after Respondent's hire, comply with the law. The 2011 Rules are irrelevant to an

unconscionability analysis.[2] Rather, this Court must look at the 2001 Rules to determine whether the Agreement was unconscionable at the time it was entered into.

### 2. The Arbitration Agreement Is Procedurally Unconscionable To A High Degree

"Procedural unconscionability turns on adhesiveness—a set of circumstances in which the weaker or 'adhering' party is presented a contract drafted by the stronger party on a take it or leave it basis." *Mercuro v. Superior Court* (2002) 96 Cal.App.4th 167, 174. When an employee is required to consent to arbitration as a *condition of employment*, the agreement is an adhesion contract and procedurally unconscionable. *McManus v. CIBC World Markets Corp.* (2003) 109 Cal.App.4th 76, 101 [Respondent required to sign arbitration agreement as a condition of employment and agreement was procedurally unconscionable as adhesive]; *Kinney v. United HealthCare Services, Inc.* (1999) 70 Cal. App. 4th 1322, 1329 [employees required to acknowledge consent to terms of handbook containing arbitration clause as a condition of continued employment, agreement was procedurally unconscionable]; *Armendariz,* 24 Cal.4th at 115 ["[I]n the case of preemployment arbitration contracts, the economic pressure exerted by the employer on all but the most sought after employees may be particularly acute, for the arbitration agreement stands between the employee and necessary employment, and few employees are in a position to refuse a job because of an arbitration requirement"].

Arbitration agreements that did not sufficiently explain the advantages <u>and</u> disadvantages of arbitration, and/or from which the employee could not "opt out," have been held to be procedurally unconscionable. *Gentry,* 42 Cal.4th at 470-473. The failure to attach the applicable rules referred to in the agreement, or provide them to employee at the time the agreement is entered into establishes further procedural unconscionability. *Harper v. Ultimo* (2003) 113 Cal.App.4th 1402 [court refused to enforce arbitration agreement that incorporated

---

[2] In fact, as set forth later in this opposition, the fact that CarMax reserved to itself the right to modify or even terminate the Agreement is further evidence of procedural unconscionability.

rules of the Better Business Bureau which were not attached to the agreement, thereby forcing the employee to go to another source to learn that the agreement curtailed his ability to receive full relief]; *Fitz v. NCR Corp.* (2004) 118 Cal.App.4th 702, 721 [court declined to enforce arbitration agreement that incorporated rules of the AAA without attaching them, stating this required the employees "to go to another source to learn the full ramifications of the arbitration agreement"].

Facially, the Agreement required Respondent to go to another source to get the applicable 2001 Rules to "learn the full ramifications of the arbitration agreement." *Fitz,* 118 Cal.App.4th at 721 [this defect posed the potential for preliminary legal battles and additionally, allowing the AAA rules to trump the policy "would fail to provide employees with adequate notice of the applicable rules of discovery."] This basic rule has been continually, repeatedly, and recently applied, despite technological advancements and availability of information on the internet. *Trivedi v. Curexo Technology Corp.* (2010) 189 Cal.App.4th 387, 393 ["Numerous cases have held that the failure to provide a copy of the arbitration rules to which the employee would be bound, supported a finding of procedural unconscionability." and failure to attach employment AAA Rules was "no trifling matter. The rules extend over 26 single-spaced pages"].[3]

---

[3] *See, also*, *Poublon v. Robinson Co* (C.D.Cal.,2015) 2015 WL 588515, 4 ["the Court agrees with a sister district court that examined the same agreement and found that "the failure of Defendants to supply Plaintiff with [the Arbitration Procedures] at the time [s]he signed the agreements adds an element of surprise, and therefore procedural unconscionability," quoting *Grabowski v. Robinson* (S.D.Cal.2011) 817 F.Supp.2d 1159, 1172; *Carmona v. Lincoln Millennium Car Wash, Inc.* (2014) 226 Cal.App.4th 74, 84 [decided April 21, 2014, "[f]ailure to provide the applicable arbitration rules is another factor that supports procedural unconscionability"]; *Sparks v. Vista Del Mar Child and Family Services* (2012) 207 Cal.App.4th 1511, 1523 [decided July 30, 2012, arbitration clause was procedurally unconscionable, absent evidence that the rules of the arbitration service specified in the arbitration clause were provided to employee, and absent evidence that the arbitration clause was subject to negotiation]; *Samaniego v. Empire Today LLC* (2012) 205 Cal.App.4th 1138, 1146 [decided April 5, 2012, employer "failed to provide Respondents with a copy of the relevant arbitration rules. This is significant"]; *Ajamian v. CantorCO2e, L.P.* (2012) 203 Cal.App.4th 771, 797 [decided February 16, 2012, arbitration provision stating arbitration

In this case, there is no evidence submitted that the 2001 Rules (or any of CarMax's arbitration rules) are available on the internet or from any source other than from CarMax itself.[4]

Here, there is little question that the Agreement is procedurally unconscionable. Respondent was never told that agreeing to arbitration was voluntary, that she could negotiate any of the terms, or that she could opt out. To the contrary, the Agreement was presented to Respondent on a take-it-or-leave-it basis, with no negotiation or discussion of any kind, and her signature on it was an express condition of her employment, despite having already been offered the job by CarMax. Additionally, neither the advantages/disadvantages of arbitration were explained to Respondent, nor do they appear on the face of the Agreement or 2001 Rules. CarMax did not attach the 2001 Rules to the Agreement or provide them to her before she was hired and/or required to sign the Agreement, or provide or offer to provide them to Respondent, nor was Respondent told where she could find the rules assuming. CarMax did not submit a declaration addressing what its policy is with respect to whether or not it will hire a new employee, or retain a current employee, who refuses to agree to the arbitration provision; indeed, on its face, the Agreement states it is mandatory.

Further, the fact that CarMax alone may modify or even terminate the Agreement adds to the procedural unconscionability and unfair surprise. *Poublon*, 2015 WL 588515 at *5 [employer's unilateral ability to modify the arbitration procedures on the company added an

---

would be conducted under AAA (or NASD) rules but which were not attached or provided was further indicia of procedural unconscionability]; *Gutierrez v. Autowest, Inc.* (2003) 114 Cal.App.4th 77, 84 [Gutierrez "never given or shown a copy of the arbitration rules of the [AAA], the designated arbitration provider" nor required to initial arbitration clause].

[4] The recent cases that determined that failing to attach AAA rules was not, in and of itself, enough to establish procedural unconscionability, the court found so because the plaintiffs had failed to explain why they could not obtain a copy of the AAA rules from the internet. *See* Lane *v. Francis Capital Management* (2014) 224 Cal.App.4th 676, 691; *Peng v. First Republic Bank* (2013) 219 Cal.App.4th 1462, 1472. These cases are inapplicable to the facts here where the AAA rules are not at issue and there is no evidence that CarMax's special rules are publically available on the internet.

additional element of surprise].

Under strikingly similar facts, the Central District found "that the agreement at issue exhibits a *significant* degree of procedural unconscionability." *Poublon*, 2015 WL 588515 at *5.

### 3. Arbitration Agreement Is Substantively Unconscionable

Because the arbitration agreement is procedurally unconscionable to a "significant degree," Respondent need only show a small degree of substantive unconscionability for the Court to find the agreement unenforceable.

Here, the Agreement is unconscionable for several reasons.

#### a) The Agreement Provides For A Shortened Statute Of Limitations

In a FEHA case, the employee has one year from the date of the last discriminatory act to file an administrative complaint with the Department of Fair Employment and Housing, and then another year from the date of that filing to initiate a lawsuit. *Ellis v. U.S. Security Associates* (2014) 224 Cal.App.4th 1213, 1221. A shortened limitations period on a FEHA claim is contrary to public policy. *Id.*, at 1221-1227.

Arbitration agreements reducing the limitations period on an employee's statutory claims are substantively unconscionable. *Nyulassy v. Lockheed Martin Corp.* (2004) 120 Cal.App.4th 1267, 1283 [an arbitration provision shortening FEHA plaintiff's time by which to file suit was unconscionable]. *See, also*, *Graham Oil Co. v. ARCO Products Co., a Div. of Atlantic Richfield Co.* (9th Cir.1994) 43 F.3d 1244, 1247-1248 [shortened limitations period for claims made under Petroleum Marketing Practices Act in arbitration agreement was unconscionable]; *Ting v. AT & T* (9th Cir.2003) 319 F.3d 1126 ["Section 1751 of the [Consumer Legal Remedies Act] CLRA renders "unenforceable and void" any waiver by a consumer of the statutory rights provided for under the CLRA, including any shortening of the statutory limitations period].

Here, the Agreement provides for a shortened statute of limitations *for the employee only*, mandating employees file their claim for arbitration within one (1) year of the employee

knowing of facts giving rise to the claim. Thus, not only is the provision substantively unconscionable, but is even further substantively unconscionable because it is unilateral, shortening only the *employee*'s limitation period, and not that of CarMax.

### b) The Agreement Does Not Require A Reasoned Decision

*Armendariz* requires a written arbitration award with adequate judicial review. *Armendariz*, 24 Cal.4th at 103-113. To ensure adequate judicial review, "an arbitrator in a FEHA case must issue a written arbitration decision that will reveal, however briefly, the essential findings and conclusions on which the award is based." *Id.,* at 107.

Under the 2001 Rules, a written reasoned award is not required, but is the arbitrator is given discretion whether or not to include findings of fact and conclusions of law. Under the 2001 Rules, the written award is only required to include the applicable remedies. The Agreement does not comply with *Armendariz* in this respect, and is unconscionable.

### c) The Agreement Does Not Require CarMax To Bear All Costs Unique To Arbitration

"[T]he arbitration agreement or arbitration process cannot generally require the employee to bear *any type* of expense that the employee would not be required to bear if he or she were free to bring the action in court." *Armendariz*, 24 Cal.4th at 110 -111 (emphasis in original).

The 2001 Rules require the employee to pay certain of the arbitration forum fees (including room rental), and also permits these fees to be shifted and awarded to CarMax if CarMax's prevails, with the only limitation on the amount of these fees being effective if the employee agrees within 90 days of issuance of the decision to pay them.

This provision further runs afoul of *Armendariz* because it backloads the potential of Respondent having to pay CarMax's forum fees should she lose, which is a deterrent because it "still poses 'a significant risk that employees will have to bear large costs to vindicate their statutory right against workplace discrimination, and therefore chills the exercise of that right.'" *Mercuro*, 96 Cal.App.4th at 182, quoting *Armendariz*, 24 Cal.4th at 110. The Agreement does not comply with *Armendariz* in this respect as well, and is unconscionable.

<blockquote>

### d) The Agreement Requires Arbitration Proceedings Be Kept Confidential

</blockquote>

The requirement of confidentiality of the arbitration proceedings is unconscionable because although it is facially mutual, in reality it may greatly favor the employer because they are "repeat players," and that "if the company succeeds in imposing a gag order, Respondents are unable to mitigate the advantages inherent in being a repeat player." *Ting,* 319 F.3d at 1151-52; *Davis v. O'Melveny & Myers* (9th Cir. 2007) 485 F.2d 1066, 1078-1079 [Ninth Circuit applied *Ting* to the employment context, stating confidentiality provisions "prevent an employee from contacting other employees to assist in litigating (or arbitrating) an employee's case ... would handicap if not stifle an employee's ability to investigate and engage in discovery" and would place the employer in a "far superior legal posture ...."]

The Ninth Circuit has confirmed, repeatedly, that a confidentiality provision in an employment arbitration provision is unconscionable. *See*, *Poublon*, 2015 WL 588515 at *7 -8 [noting with approval the multiple Ninth Circuit cases in which a confidentiality provision was found unconscionable in the employment context, *expressly rejecting* a contrary holding in *Sanchez v. Carmax Auto Superstores Cal., LLC* (2014) 224 Cal.App.4th 398, 408, in which the California Court of Appeal considered and upheld a similar confidentiality provision because its analysis of the confidentiality provision was a single sentence which did not consider policy rationales].

The 2001 Rules require the arbitration proceedings to be kept confidential. This is another element of substantive unconscionability.

<blockquote>

### e) The Agreement Is Substantively Unsconscionable In Several Additional Respects

</blockquote>

In addition, the Agreement contains additional unconscionable provisions:

First, the 2001 Rules prohibit the parties from settling their case after the arbitration hearing has been closed without the approval of the arbitrator. The "strong public policy of this state [is] to encourage the voluntary settlement of litigation." *Osumi v. Sutton* (2007) 151 Cal.App.4th 1355, 1359. This provisions acts as an obstacle to parties' resolving their dispute

among themselves, in violation of public policy.

Second, the 2001 Rules unfairly limit discovery. *Fitz,* 118 Cal.App.4th at 716 [in the context of an employment dispute, a limit of two depositions plus experts is inadequate]; *Martinez v. Master Protection Corp.* (2004) 118 Cal.App.4th 107, 118 [one deposition plus experts, and a document request unconscionable]; *Kinney,* 70 Cal. App. 4th at 1326 [agreement to arbitrate providing the following restrictions on discovery is unconscionable: interrogatories seeking the identification of witnesses only, 25 document requests and two 8-hour depositions, excluding experts].

Third, the 2001 Rules also expressly place the burden of proving a claim or claims by the preponderance of the evidence, without exception for those claims for which the employee does not bear the burden of proof. For example, "[t]he task of proving…that **no** reasonable accommodation was available rests with an offending employer throughout the litigation." *Morton v. United Parcel Serv.* (9th Cir. 2001) 272 F.3d 1249, 1256 fn. 7 (emphasis in original). The Agreement improperly shifts this burden to the employee.

Given the significant degree of procedural unconscionability in this case and Respondent's *de minimus* required showing of substantive unconscionability, Respondent has established that the arbitration agreement is sufficiently unconscionable such that this Court should refuse to enforce it.

### C.     The Agreement Is Unenforceable Because The Unconscionable Language And Provisions Cannot And/Or Should Not Be Severed

CarMax will likely argue that the Court should exercise its power to sever the unconscionable provisions in the arbitration Agreement and enforce the remainder. However, as demonstrated below, severance is inappropriate under the circumstances.

First, there is nothing to sever with respect to the arbitration provision's failure to provide a written and/or well-reasoned award. The Court would have to draft and insert language to provide the protections that the Agreement failed to provide. This, the law simply does not permit: "We do not have the power to create for the parties a contract that they did not make and cannot insert language that one party now wishes were there." *Abers v. Rounsavell* (2010) 189 Cal.App.4th 348, 361, quoting *Vons Companies, Inc. v. United States*

*Fire Ins. Co.* (2000) 78 Cal.App.4th 52, 59. *See, also*, *Kwok v. Transnation Title Ins. Co.* (2009) 170 Cal.App.4th 1562, 1571 [courts "do not rewrite any provision of any contract…for any purpose"; *Rosen v. State Farm General Ins. Co.* (2003) 30 Cal.4th 1070, 1073; *Certain Underwriters at Lloyd's of London v. Superior Court* (2001) 24 Cal.4th 945, 968.

Second, as demonstrated above, the arbitration provision and governing 2001 Rules collectively contain *at least four*, more likely six or seven, unconscionable provisions or other defects. The Supreme Court has held that more than one unlawful provision in an arbitration agreement weighs against severance, stating: "Such multiple defects indicate a systematic effort to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer's advantage." *Armendariz*, 24 Cal.4th at 124. Subsequent decisions have refused to apply severance to an agreement that contains more than one unconscionable provision. *See*, *e.g.*, *Fitz*, 118 Cal.App.4th at 726-727; *Ferguson*, 298 F.3d at 787-88; *Abramson v. Juniper Networks, Inc.* (2004) 115 Cal.App.4th 638; *Ontiveros,* 164 Cal.App.4th at 515 [*held*, "[g]iven these multiple [three] unlawful provisions, the trial court did not abuse its discretion in determining that the arbitration] agreement is 'permeated with unconscionability and will not be enforced.'"]

The law and public policy reasons mandate denial of any request to sever the multiple offending provisions of the Agreement and/or 2001 Rules.

## IV. CONCLUSION

Respondent request this Court deny CarMax's motion to compel arbitration because the subject arbitration Agreement is both procedurally and substantively unconscionable, with a significant degree of procedural unconscionability and multiple elements of substantive unconscionability and is, thus, enforceable. CarMax's motion must be denied.

DATED: March 9, 2015            **LAW OFFICES OF RAMIN R. YOUNESSI**

By:      /S/
       Christina M. Coleman, Esq.
       Attorneys for Respondent
       ROSELLA MICHELLE HERNANDEZ